Jason S. Mills, State Bar No. 225126
jason.mills@morganlewis.com
George S. Benjamin, State Bar No. 273240
george.benjamin@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Phone: +1.213.612.2500
Fax: +1.213.612.2501

Patty Eakes (*pro hac vice forthcoming*)
patty.eakes@morganlewis.com
Yara AlHowar (*pro hac vice forthcoming*)
yara.alhowar@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Fax: (206) 274-6401

Attorneys for Defendants,
AMAZON.COM SERVICES LLC,
AMAZON.COM, INC., AMAZON
LOGISTICS, INC., GOLDEN STATE FC
LLC, AMAZON FULFILLMENT SERVICES,
INC. and KIM HERZOG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHON ERVIN,<br><br>        Plaintiff,<br><br>        vs.<br><br>AMAZON.COM SERVICES, LLC;<br>AMAZON.COM, INC.; AMAZON<br>LOGISTICS, INC.; GOLDEN<br>STATE FC, LLC; AMAZON<br>FULFILLMENT SERVICES, INC.;<br>KIM HERZOG; and DOES 1 to 100,<br>inclusive,<br><br>        Defendants. | Case No. 2:24-cv-10311<br><br>(Los Angeles Superior Court, No.<br>24STCV27450)<br><br>**DEFENDANTS' NOTICE OF<br>REMOVAL OF CIVIL ACTION<br>TO THE UNITED STATES<br>DISTRICT COURT**<br>[28 U.S.C. §§ 1332, 1441, & 1446]<br><br>Complaint Filed: October 21, 2024<br>(Los Angeles Superior Court) |

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

DEFENDANTS' NOTICE OF REMOVAL
2:24-CV-10311

# TABLE OF CONTENTS

**Page**

I.      PLEADINGS, PROCESS AND ORDERS ................................................... 1

II.     REMOVAL IS TIMELY ........................................................................ 3

III.    THIS COURT HAS SUBJECT MATTER JURISDICTION ...................... 4

    A.    Removal Pursuant To U.S.C. 1332(a)(1) Is Proper ............................. 4

    B.    Complete Diversity of Citizenship Exists ........................................... 4

        1.    Plaintiff Johnathon Ervin Is A Citizen Of California ............... 4

        2.    Defendant Kim Herzog Is A Citizen of Tennessee .................. 5

        3.    Defendants, Amazon.com, Inc., and Amazon Logistics, Inc. Are Citizens Of Delaware Or Washington State ................ 6

        4.    Defendant Amazon.com Services LLC Is A Citizen Of Delaware and Washington State ................................................ 7

        5.    The Citizenship of "Doe" Defendants Are Disregarded ........... 8

    C.    The Amount in Controversy Requirement Is Satisfied ........................ 8

        1.    Special / Economic Damages ................................................. 11

        2.    General Damages ................................................................... 12

        3.    Punitive Damages ................................................................. 14

        4.    Attorneys' Fees ..................................................................... 15

IV.     THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED ....................................................................................... 16

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

i

DEFENDANTS' NOTICE OF REMOVAL
2:24-CV-10311

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arias v. Residence Inn by Marriott*,
936 F.3d 920 (9th Cir. 2019) ........................................................... 9, 12

*Armstrong v. Church of Scientology Int'l*,
243 F.3d 546 (9th Cir. 2000) ................................................................. 5

*Aucina v. Amoco Oil Co.*,
871 F.Supp. 332 (S.D. Iowa 1994) ...................................................... 14

*Avila v. Kiewit Corp.*,
No. CV 19-5740-MWF-JPR, 2019 WL 4729641
(C.D. Cal. Sept. 26, 2019) ................................................................... 16

*Boon v. Allstate Ins. Co.*,
229 F. Supp.2d 1016 (C.D. Cal. 2002) ................................................... 4

*Brady v. Mercedes-Benz USA, Inc.*,
243 F. Supp. 2d 1004 (N.D. Cal. 2002) ............................................... 15

*Campbell v. Vitran Express, Inc.*,
471 Fed. Appx. 646 (9th Cir. 2012) ................................................... 8, 9

*Caterpillar, Inc. v. Lewis*,
519 U.S. 61 (1996) ................................................................................ 4

*Dart Cherokee Basin Operating Co. v. Owens*,
135 S. Ct. 547 (2014) ...................................................................... 9, 10

*Davenport v. Mutual Ben. Health & Acc. Ass'n*,
325 F.2d 785 (9th Cir. 1963) ............................................................... 14

*Drzewiecki v. H & R Block, Inc.*,
24 Cal. App. 3d. 695 (1972) ............................................................... 12

*Egan v. Premier Scales & Sys.*,
237 F. Supp. 2d. 774 (W.D. Ky. 2002) ................................................ 13

*Galt G/S v. JSS Scandinavia*,
142 F. 3d 11506 (9th Cir. 1998) .............................................. 9, 12, 15

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

DEFENDANTS' NOTICE OF REMOVAL
2:24-CV-10311

*Gibson v. Chrysler Corp.*,
  261 F.3d 927 (9th Cir. 2001) ................................................................. 9

*Guas v. Miles, Inc.*,
  980 F. 2d 564 (9th Cir. 1992) ............................................................... 9

*Hertz Corp. v. Friend*,
  559 U.S. 77 (2010) .............................................................................. 6

*Hunt v. Washington State Apple Advertising Comm'n*,
  432 U.S. 333 (1977) ....................................................................... 9, 12

*Iwekaogwu v. City of Los Angeles*,
  75 Cal. App. 4th 803 (1999) ............................................................... 13

*Johnson v. Columbia Props. Anchorage, LP*,
  437 F.3d 894 (9th Cir. 2006) ............................................................... 7

*Kanter v. Warner-Lambert Co.*,
  265, F.3d 853, 857 (9th Cir. 2001) ....................................................... 4

*Keiffer v. Bechtel Corp.*,
  65 Cal. App. 4th 893 (1998) ............................................................... 13

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
  199 F. Supp. 2d 993 (C.D. Cal. 2002) ................................................... 9

*Kroske v. U.S. Bank Corp.*,
  432 F. 3d. 976 (9th Cir. 2005), *cert denied*,
  127 S.Ct. 157 (2006) ..................................................................... 13, 14

*LaCross v. Knight Transp. Inc.*,
  775 F.3d 1200 (9th Cir. 2015) ............................................................. 9

*Lew v. Moss*,
  797 F.2d 747 (9th Cir. 1986) ............................................................... 5

*Lewis v. Verizon Commc'ns, Inc.*,
  627 F.3d 395 (9th Cir. 2010) ........................................................... 1, 9

*Newcombe v. Adolf Coors Co.*,
  157 F.3d 686 (9th Cir. 1998) ............................................................... 8

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

DEFENDANTS' NOTICE OF REMOVAL
2:24-CV-10311

*Rippee v. Boston Market Corp.*,
   408 F.Supp.2d 982 (S.D. Cal. 2005) ................................................................. 10

*Sanchez v. Monumental Life Ins. Co.*,
   102 F.3d 398 (9th Cir. 1996) ................................................................................ 9

*Sasso v. Noble Utah Long Beach, LLC*,
   2015 U.S. Dist. ................................................................................................... 10

*Sasso v. Noble Utah Long Beach, LLC*,
   No. CV 14-09154-AB, 2015 WL 898468
   (C.D. Cal. Mar. 3, 2015) ..................................................................................... 16

*Satrap v. Pac. Gas & Elec. Co.*,
   42 Cal. App. 4th 72 (1996) .................................................................................. 13

*Sawyer v. Retail Data, LLC*,
   No. CV 15-184-JVS, 2015 WL 3929695
   (C.D. Cal. Apr. 29, 2015) .................................................................................... 14

*Scherer v. Equitable Life Assurance Soc'y of the U.S.*,
   347 F.3d 394 (2d Cir. 2003) ................................................................................ 10

*Simmons v. PCR Tech.*,
   209 F. Supp. 2d 1029 (N.D. Cal. 2002) ........................................................ 14, 15

*Singer v. State Farm Mutual Auto Ins. Co.*,
   116 F.3d 373 (9th Cir. 1997) ............................................................................... 10

*Smith v. Brown-Forman Distillers Corp.*,
   196 Cal. App. 3d 503 (1989) ............................................................................... 12

*Stainbrook v. Target Corp.*,
   No. 2:16-CV-00090-ODW, 2016 WL 3248665
   (C.D. Cal. June 8, 2016) ................................................................................ 13, 14

*State Farm Mut. Auto Ins. Co. v. Dyer*,
   19 F.3d 514 (10th Cir. 1994) ................................................................................. 5

*State Farm v. Campbell*,
   538 U.S. 408 (2003) ............................................................................................ 14

*Velez v. Roche*,
   335 F.Supp.2d 1022 (N.D. Cal. 2004) ................................................................ 13

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iv

DEFENDANTS' NOTICE OF REMOVAL
2:24-CV-10311

*Washington v. Hovensa LLC*,
  652 F.3d 340 (3rd Cir. 2011) ................................................................. 5

**Statutes**

28 U.S.C.
  § 84(c) ................................................................................................. 16
  §1332 ......................................................................................... 4, 8, 10
  §§ 1332(a) ............................................................................................ 1, 4
  § 1332(c)(1) ......................................................................................... 6, 7
  §1441 .............................................................................................. 4, 16
  § 1441(a) ........................................................................................... 8, 16
  § 1441(a), (b) .......................................................................................... 4
  § 1441(b) ................................................................................................. 8
  § 1446(b)(1) ............................................................................................ 3
  § 1446(b)(2)(A) ..................................................................................... 16
  § 1446(d) .............................................................................................. 17

Cal. Civ. Code § 3294(a) ........................................................................ 14

Cal. Code Civ. Proc. §170.6 ..................................................................... 2

Cal. Gov. Code § 12900, *et seq.* ........................................................... 1, 2

Cal. Gov. Code § 12940(k) ....................................................................... 2

Cal. Lab. Code § 1102.5, *et seq.* ............................................................. 2

California Fair Employment and Housing Act .......................................... 1

FEHA ..................................................................................................... 16

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, Defendants, Amazon.com Services LLC, Amazon.com, Inc., Amazon Logistics, Inc., Golden State FC LLC, Amazon Fulfillment Services, Inc. and Kim Herzog (collectively, "Defendants") contemporaneously with the filing of this Notice, hereby effect removal of the above-referenced action from the Superior Court in the State of California for the County of Los Angeles to the United States District Court for the Central District of California. This Court has original subject matter jurisdiction over Plaintiff Johnathon Ervin's ("Plaintiff") lawsuit under 28 U.S.C. §§ 1332(a) because complete diversity exists and the amount in controversy exceeds $75,000.[1]

In support of this removal, Defendants state the following:

## I.    PLEADINGS, PROCESS AND ORDERS

1.    On October 21, 2024, Plaintiff filed a Complaint in the Superior Court for the State of California, County of Los Angeles ("Superior Court"), entitled *Johnathon Ervin v. Amazon.com Services, LLC, et al.*, designated as Case No. 24STCV27450 ("Complaint"). Plaintiff's Complaint alleges seven causes of action: (1) discrimination on the bases of race in violation of California Government Code Section 12900, *et seq.*; (2) hostile work environment harassment on the bases of race in violation of California Government Code Section 12900, *et seq.*; (3) retaliation for the exercise of rights guaranteed under the California Fair Employment and Housing

---

[1] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Defendants' references to specific damage amounts and citation to comparable cases are provided solely for establishing that the amount in controversy exceeds the jurisdictional minimum. Defendants maintain that each of Plaintiff's claims is without merit and Defendants are not liable to Plaintiff. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or actually could recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

DEFENDANTS' NOTICE OF REMOVAL
2:24-CV-10311

Act ("FEHA"), *e.g.* participating in protected activities, and/or opposing Defendants' failure to provide such rights, in violation of California Government Code Section 12900, *et seq.*; (4) failure to prevent discrimination, harassment, or retaliation, in violation of California Government Code Section 12940(k); (5) whistleblower retaliation, in violation of California Labor Code Section 1102.5, *et seq.*; (6) wrongful termination in violation of public policy; and (7) intentional infliction of emotional distress. Along with the Complaint, Plaintiff filed his Civil Case Cover Sheet and Summons. (True and correct copies of the Summons, Civil Case Cover Sheet and Complaint are attached hereto as "**Exhibit A.**")

2.     On October 21, 2024, the Clerk of the Superior Court filed an Alternative Dispute Resolution Package and Notice of Case Assignment – Unlimited Civil Case. (True and correct copies of the Alternative Dispute Resolution Packet and Notice of Case Assignment – Unlimited Civil Case are attached hereto as "**Exhibit B**.") On October 22, 2024, the Clerk of the Superior Court filed a Notice of Case Management Conference, and an Order to Show Cause Hearing for Failure to File Proof of Service, both scheduled for March 20, 2025 at 8:30 a.m. (True and correct copies of the Notice of Case Management Conference and Order to Show Cause Hearing for Failure to File Proof of Service are attached hereto as "**Exhibit C.**")

3.     On October 23, 2024, Plaintiff filed a Preemptory Challenge to Judicial Officer pursuant to California Code of Civil Procedure §170.6, and on October 24, 2024, the Clerk of the Superior Court filed a Notice of Case Reassignment And Order For Plaintiff To Give Notice (Vacate Dates), reassigning the matter from Judge Barbara M. Scheper to Judge Cherol J. Nellon. The Clerk of the Superior Court also filed a Minute Order the same day accepting Plaintiff's preemptory challenge. (True and correct copies of Plaintiff's Preemptory Challenge to Judicial Office, the Superior Court's Notice of Case Reassignment And Order For Plaintiff To Give Notice (Vacate Dates) and Minute Order are attached hereto as "**Exhibit D**.")

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

DEFENDANTS' NOTICE OF REMOVAL
2:24-CV-10311

4.     On October 30, 2024, Plaintiff filed Proofs of Service of Summons for Defendants, Amazon.com Services LLC, Amazon Logistics, Inc., Golden State FC LLC and Amazon Fulfillment Services, Inc.; on October 31, 2024, Plaintiff filed a Proof of Service of Summons for Defendant Kim Herzog; and on November 8, 2024, Plaintiff filed a Proof of Service of Summons for Defendant Amazon.com, Inc.  (True and correct copies of Plaintiff's Proofs of Service of Summons are attached hereto as "**Exhibit E**.")

5.     On October 31, 2024, the Clerk of the Superior Court filed a Notice of Case Management Conference for March 18, 2025 at 8:30 a.m.  (A true and correct copy of the Notice of Case Management Conference is attached hereto as "**Exhibit F**.")

6.     On November 26, 2024, Defendants filed and served their Answer to Plaintiff's Complaint ("Answer") with the Superior Court.  (A true and correct copy of Defendants' Answer is attached hereto as "**Exhibit G**.")

7.     **Exhibits A-G** constitute all process, pleadings and orders that have been filed and served in this action.

## II.   <u>REMOVAL IS TIMELY</u>

8.     This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1), which provides that a notice of removal of a civil action shall be filed within 30 days after receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. Plaintiff personally served Defendants on October 29, 30 and November 1, 2024. (**Ex. E**.)  This notice of removal is timely because it is filed on or before November 28, 2024.  No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

/ / /

/ / /

/ / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

DEFENDANTS' NOTICE OF REMOVAL
2:24-CV-10311

## III.    THIS COURT HAS SUBJECT MATTER JURISDICTION

### A.    Removal Pursuant To U.S.C. 1332(a)(1) Is Proper

9.    This is a civil action of which the Court has original jurisdiction pursuant to 28 U.S.C. §1332 (diversity jurisdiction), and it is one which Defendants may remove pursuant to 28 U.S.C. §1441.  Removal is proper based on diversity jurisdiction if: (a) there is complete diversity among opposing parties; and (b) "the matter in controversy exceeds the sum or value of $75,000."  28 U.S.C. § 1332(a).  Both conditions are met.

### B.    Complete Diversity of Citizenship Exists

10.    A case may be heard in federal court under diversity jurisdiction if there is complete diversity, i.e., all plaintiffs are diverse from all defendants.  28 U.S.C. § 1332(a).

11.    A defendant may remove an action to federal court under 28 U.S.C. § 1332, provided that no defendant is a citizen of the same state in which the action was brought or of the same state in which the plaintiff is a citizen.  28 U.S.C. § 1441(a), (b); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (complete diversity exists when "the citizenship of each plaintiff is diverse from the citizenship of each defendant.")

12.    Here, all requirements are met because Plaintiff is a citizen of California; Defendant Kim Herzog is a citizen of Tennessee; and Defendants, Amazon.com, Inc., Amazon Logistics, Inc. and Amazon.com Services, LLC are citizens of Delaware or Washington State.  The citizenship of Defendants, Amazon Fulfillment Services, Inc. and Golden State FC LLC can be disregarded since neither entity has existed since January 1, 2018 and January 1, 2019 respectively.

### 1.    Plaintiff Johnathon Ervin Is A Citizen Of California

13.    "An individual is a citizen of the state in which he is domiciled. . .." *Boon v. Allstate Ins. Co.*, 229 F. Supp.2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265, F.3d 853, 857 (9th Cir. 2001)).  For purposes of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

DEFENDANTS' NOTICE OF REMOVAL
2:24-CV-10311

diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).

14.    At the time Plaintiff commenced this action Plaintiff was a citizen of the State of California. Plaintiff alleges in his Complaint that he, ". . . is, and at all times mentioned in [his] Complaint was, a resident of the County of Los Angeles, California." (*See* **Ex. A**, Complaint ("Compl.") ¶2.) *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"), *citing*, *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Plaintiff does not allege that he was a citizen of any state other than California and there is no indication that Plaintiff is, or was, a citizen of states other than California at any time relevant to the Complaint. Thus, Plaintiff was domiciled in the State of California, and is therefore a citizen of California for purposes of diversity jurisdiction in this matter.

## 2.    Defendant Kim Herzog Is A Citizen of Tennessee

15.    For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed, Defendant Kim Herzog's domicile is thus Tennessee for purposes of this analysis. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

DEFENDANTS' NOTICE OF REMOVAL
2:24-CV-10311

16. Defendant Kim Herzog resides in Tennessee and has lived there since June 4, 2023. (*See* Declaration of Kim Herzog ("Herzog Decl.") ¶1.) Ms. Herzog's employment is in Tennessee, she owns a home in Tennessee, she has registered her two vehicles in Tennessee, she has Tennessee driver's license, and she is registered to vote in Tennessee. (*Id* at ¶¶1-3.) Ms. Herzog is currently present in Tennessee, and Plaintiff personally served Ms. Herzog at her Tennessee residence. (*Id* at ¶¶1, 4.) Ms. Herzog intends to remain in Tennessee indefinitely. (*Id*. at ¶1.) Ms. Herzog is therefore a citizen of Tennessee for purposes of removal.

### 3. Defendants, Amazon.com, Inc., and Amazon Logistics, Inc. Are Citizens Of Delaware Or Washington State

17. For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

18. The Supreme Court has interpreted the phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) to mean "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings . . ." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

19. Both Defendants, Amazon.com, Inc. and Amazon Logistics, Inc., were incorporated in Delaware. (*See* Declaration of Zane Brown ("Brown Decl.") ¶3.) These corporations have had their corporate headquarters and principal place of business in Seattle, Washington. (*Id.*) Seattle, Washington is where direction, control, and coordination for these entities and executive functions take place. (*Id.*) The greater part of these corporations' administrative functions (including corporate human resources, payroll, benefits, information technology, corporate finance, production operations, and business strategy) are conducted in Seattle, Washington

and the respective managers for these departments work in Seattle, Washington. (*Id.*) As such, corporate policies, including those concerning discrimination, harassment and retaliation have been established by leaders based in Seattle, Washington. (*Id.*)

20.    Amazon.com, Inc. and Amazon Logistics, Inc., are therefore citizens of the State of Delaware and Washington for purposes of determining diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

21.    Plaintiff has erroneously named Amazon Fulfillment Services, Inc. as a Defendant. However, Amazon Fulfillment Services, Inc. has not existed as a legal entity since January 1, 2018. (*Id.* at ¶4.) Specifically, effective January 1, 2018, Amazon.com LLC merged with Amazon Fulfillment Services, Inc. and changed its name to Amazon.com Services, Inc. the same day. (*Id.*) Effective December 30, 2019, Amazon.com Services, Inc. converted to Amazon.com Services LLC (another named Defendant in this action). (*Id.*) Accordingly, the Court need not consider the citizenship of Amazon Fulfillment Services, Inc. in determining diversity jurisdiction. Nonetheless, while it was in existence, Amazon Fulfillment Services, Inc. was organized under the laws of Delaware, and had its principal place of business in Seattle, Washington, making it a citizen of Washington and Delaware at the time it existed as a legal entity. (*Id.*)

**4.    Defendant Amazon.com Services LLC Is A Citizen Of Delaware and Washington State**

22.    Unlike corporations, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

23.    This standard applies to Defendant Amazon.com Services LLC. Amazon.com Sales, Inc. is the sole member of Amazon.com Services LLC. (*Id.* at ¶5.) Amazon.com Sales, Inc. is a Delaware corporation with its corporate headquarters and principal place of business in Seattle, Washington. (*Id.*)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

DEFENDANTS' NOTICE OF REMOVAL
2:24-CV-10311

24. Accordingly, Amazon.com Services LLC, is a citizen of Delaware and Washington State because it is a limited liability company whose sole member is incorporated in Delaware and has its principal place of business in Washington State.

25. Plaintiff has also erroneously named Golden State FC, LLC as a Defendant. However, Golden State FC, LLC has not existed as a legal entity since January 1, 2019. (*Id.* at ¶6.) Specifically, effective January 1, 2019, Golden State FC, LLC merged with Amazon.com Services, Inc. and retained the name Amazon.com Services, Inc. (*Id.*) Effective December 30, 2019, Amazon.com Services, Inc. converted to Amazon.com Services LLC (another named Defendant in this action). (*Id.*) Accordingly, the Court need not consider the citizenship of Golden State FC, LLC in determining diversity jurisdiction. Nonetheless, while in existence Golden State FC, LLC was organized under the laws of Delaware, and had its principal place of business in Seattle, Washington, making it a prior citizen of Washington and Delaware. (*Id.*)

### 5. The Citizenship of "Doe" Defendants Are Disregarded

26. Under 28 U.S.C. § 1441(a) the citizenship of defendants sued under fictitious names shall be disregarded. The inclusion of "Doe" defendants in Plaintiff's Complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441 (a) (stating that for purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded).

27. Based on the foregoing, the requirements for diversity jurisdiction as set forth in 28 U.S.C. § 1441(b) are met.

### C. The Amount in Controversy Requirement Is Satisfied

28. Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . ." 28 U.S.C. § 1332. The amount in controversy is determined from the allegations of the Complaint. *See Campbell v. Vitran Express, Inc.*, 471 Fed. Appx. 646, 648 (9th Cir. 2012). In

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

DEFENDANTS' NOTICE OF REMOVAL
2:24-CV-10311

assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Id.* (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

29.   In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 115556 (9th Cir. 1998).

30.   Although the Complaint does not allege a specific amount in controversy, it can be ascertained that the amount in controversy in this action does, in fact, exceed $75,000, exclusive of interest and costs.  Where a complaint is silent as to the amount in controversy, a defendant can establish the amount in controversy by the allegations in a complaint, or by setting forth facts in the notice of removal that demonstrate that the amount in controversy "more likely than not" exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Guas v. Miles, Inc.*, 980 F. 2d 564, 567 (9th Cir. 1992).  A removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).  To satisfy this burden, a defendant may rely on a "reasonable" "chain of reasoning" that is based on "reasonable" "assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201–02 (9th Cir. 2015).  "An assumption may be reasonable if it is founded on the allegations of the complaint." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019).  That is because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395,

400 (9th Cir. 2010). The Court may consider whether it is facially apparent from the complaint that the jurisdictional amount is met. *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

31. The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint, and not how much, if anything, Defendants will actually owe. *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *see also, Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint).

32. In *Sasso*, the District Court affirmed that the removing party does not need to prove actual facts, but rather need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Sasso v. Noble Utah Long Beach, LLC*, 2015 U.S. Dist. WL 898468 (C.D. Cal. March 3, 2015) (citing, *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014)). Moreover, Defendants do not need to submit evidence to support its notice of removal. *Dart Cherokee*, 135 S. Ct. at 553. Defendants need only plausibly allege that the amount in controversy exceeds $75,000. *Id.* ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").

33. Defendants deny the validity and merit of all of Plaintiff's claims, the legal contentions upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or penalties, assuming, *arguendo*, the truth of Plaintiff's allegations, it is readily apparent that Plaintiff's claims establish an amount "in controversy" in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs, as required by 28 U.S.C. section 1332, as set forth below. (*See* Note 1).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

DEFENDANTS' NOTICE OF REMOVAL
2:24-CV-10311

### 1. **Special / Economic Damages**

34.    Here, Plaintiff seeks to recover economic and compensatory damages, including "lost past and future income and employment benefits . . . lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid . . ." (Comp., ¶¶ 1, 18, 27, 35, 42, 49, 57, 63, 68, 69 and Prayer for Relief.)

35.    Plaintiff was not employed by Defendants, but rather is the owner and operator of Battle-Tested Strategies, LLC, a Delivery Service Partner ("DSP")[2] that contracted with Defendant Amazon Logistics, Inc. to perform delivery services. Accordingly, Defendants deny that an employment relationship between Plaintiff and Defendants existed.

36.    However, assuming the allegations in Plaintiff's Complaint as true, and without Defendants waiving any of their defenses, Defendants' reasonable estimate, based on Plaintiff's available payment information, is that Plaintiff was "earning" approximately $9,440.00 gross monthly. Approximately nineteen months have passed since the last date Plaintiff alleges he was employed by Defendants. During that time, assuming *arguendo*, that Plaintiff has not worked at all, the amount of recoverable economic "back pay" in controversy would total at least $179,360.00 ($9,440.00 x 19 months). Further, estimating that a trial in this matter will not be scheduled for another year, that would add an additional twelve months of recoverable "back pay" to the amount in controversy. At Plaintiff's monthly "pay" of $9,440.00, the amount of "back pay" in controversy in this case between November 27, 2024 and trial one year out would total at least $113,280.00 ($9,440.00 x 12 months). Therefore, the total amount of "back pay" in controversy is approximately $292,640.00 ($179,360.00 + $113,280.00).

---

[2] A DSP's Delivery Associates load packages into their vehicles from delivery stations and deliver them to customers' homes and businesses.

37.     In addition, to the extent Plaintiff seeks future damages or "front pay" as a result of the alleged conduct by Defendants, such awards in California, depending on the facts of the case, can at times often span several years.  *See Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Drzewiecki v. H & R Block, Inc.*, 24 Cal. App. 3d. 695, 705 (1972) (ten years).  Even conservatively estimating that Plaintiff seeks "front pay" damages that are equivalent to his "back pay" (31 months), the amount of alleged "future wages" in controversy in this case would total an additional $292,640 ($9,440 x 31 months).

38.     Thus, it may reasonably be estimated that Plaintiff's claims involve possible alleged "back pay" and "front pay" damages that total **$585,280.00**.  Hence Plaintiff's damages for alleged "back pay" and "front pay" *alone* could surpass the requisite amount in controversy threshold.  Notably, "binding precedent counsels against considering affirmative defenses such as mitigation in determining the amount in controversy." *Reese*, 2024 WL 1580168, at *4; *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) ("[T]he amount in controversy reflects the maximum recovery the plaintiff could reasonably recover.").

39.     Accordingly, Plaintiff's potential economic damages placed in controversy is at least **$585,280.00**.

### 2.     General Damages

40.     Plaintiff also alleges that as a result of Defendants' actions he has suffered and continues to suffer non-economic damages, including "psychological and emotional distress, humiliation and mental and physical pain and anguish" thereby entitling him to general and compensatory damages (Comp., ¶¶ 1, 19, 28, 36, 43, 50, 56, 62, 63, 67, 69, 70, and Prayer for Relief).

41.     In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages.  *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

12

DEFENDANTS' NOTICE OF REMOVAL
2:24-CV-10311

*Scandinavia*, 142 F. 3d 1150, 1155-56 (9th Cir. 1998). Courts have even held that such allegations alone are sufficient to satisfy the amount in controversy requirement. *See Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d. 774, 776 (W.D. Ky. 2002) (where plaintiff sought damages for embarrassment, humiliation, and willful, malicious and outrageous conduct, the court held that the defendant could "easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement.").

42.   As to emotional damages in employment discrimination cases, juries have awarded substantial damages "of hundreds of thousands of dollars . . . where there is evidence that the plaintiff suffered heightened mental anguish." *See Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (collecting cases); *see also Stainbrook v. Target Corp.*, No. 2:16-CV-00090-ODW, 2016 WL 3248665, at *4 (C.D. Cal. June 8, 2016) (concluding that in similar cases, emotional distress damages, alone, are enough to exceed the $75,000 requirement; *Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895 (1998) (California Court of Appeal upheld jury award in excess of $75,000 for emotional distress damages in a single-plaintiff age discrimination case); *Satrap v. Pac. Gas & Elec. Co.*, 42 Cal. App. 4th 72, 76 (1996) (jury award in excess of $75,000.00 in non-economic damages was upheld); *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803, 821 (1999) (jury award in excess of $450,000 in emotional distress damages upheld in a discrimination lawsuit); *Kroske v. U.S. Bank Corp.*, 432 F. 3d. 976, 980 (9th Cir. 2005), *cert denied*, 127 S.Ct. 157 (2006) (plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages).

43.   Like the plaintiffs in these lawsuits, Plaintiff in this case alleges he was an employee similarly claiming that he was discriminated against based on his protected status and has allegedly suffered emotional distress as a result. Accordingly, it is not unreasonable to assume, solely for the purposes of establishing the amount in controversy, that Plaintiff seeks and would recover in excess of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

13

DEFENDANTS' NOTICE OF REMOVAL
2:24-CV-10311

$75,000 for alleged emotional damages, alone, for the conduct alleged against Defendants. Based on *Kroske*, a conservative emotional distress component of Plaintiff's claims adds at least **$50,000.00** to the amount in controversy.

### 3. Punitive Damages

44.    Plaintiff also seeks an award of punitive damages. (Comp., ¶¶1, 20, 30, 38, 45, 52, 59, 64, and Prayer for Relief.)

45.    Under California law, punitive damages may be recovered by a plaintiff "[i]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). Punitive damages are included in calculating the amount in controversy. *See Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F.Supp. 332 (S.D. Iowa 1994). A single-digit ratio (i.e., no more than nine to one) is typically appropriate when issuing an award of punitive damages. *State Farm v. Campbell*, 538 U.S. 408, 425 (2003).

46.    Depending on the facts of the case, California verdicts often include substantial punitive damage awards in employment discrimination actions. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) ("verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"); *see Sawyer v. Retail Data, LLC*, No. CV 15-184-JVS (RNBx), 2015 WL 3929695, at *2 (C.D. Cal. Apr. 29, 2015) (holding that the amount in controversy requirement was met partly because defendant "cite[d] to similar recent Orange County and Los Angeles County employment discrimination cases where plaintiffs were awarded from $50,000 to $7.5 million in punitive damages"); *Stainbrook v. Target Corp.*, 2016 WL 3248665, at *4 (accepting defendant's argument that punitive and emotional distress damages alone could exceed $75,000 because punitive damages are often calculated as a multiplier of compensatory damages); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

14

DEFENDANTS' NOTICE OF REMOVAL
2:24-CV-10311

1994) ("[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct, it is apparent plaintiff's claim for punitive damages alone might exceed [the jurisdictional amount]").

47.     To establish probable punitive damages, a defendant may introduce evidence of verdicts in cases involving analogous facts. *Simmons*, 209 F. Supp. 2d at 1033 ("the fact that the cited cases involve distinguishable facts is not dispositive"). Statistics from Jury Verdict Research's "Employment Practices Liability: Jury Award Trends and Statistics" (2016) also confirm that the amount in controversy exceeds the jurisdictional minimum.     In 2015, the average damages award in discrimination cases was $463,905, in 2014 it was $366,444, and in 2013 it was $311,749. *Id.*     In addition, high punitive damages have been awarded in single-plaintiff employment cases in California, including awards of $500,000, $3,577,803, $420,000, $1,231,848, $825,000, $1,237,086, and $16,729,880 (ultimately reduced by the court to $1,200,000). *Id.*

48.     Thus, a punitive damages award against Defendants alone places this amount in controversy.

### 4.     Attorneys' Fees

49.     Plaintiff's Complaint also seeks attorneys' fees. (Comp., ¶¶1, 21, 29, 37, 44, 51, 58, 65, and Prayer for Relief.)

50.     A claim for attorneys' fees is included in determining the amount in controversy when, as in the case at hand, Plaintiff is claiming attorneys' fees pursuant to statute. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail). While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (holding that where attorneys' fees are

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

15

DEFENDANTS' NOTICE OF REMOVAL
2:24-CV-10311

"recoverable by statute," fees reasonably anticipated over the life of the litigation are included in the amount in controversy analysis). At a minimum, Plaintiff may be entitled to attorney's fees under FEHA. *Avila v. Kiewit Corp.*, No. CV 19-5740-MWF-JPR, 2019 WL 4729641, at *5 (C.D. Cal. Sept. 26, 2019). "A number of courts have held that 100 hours and an hourly rate of $300 is an appropriate and conservative estimate for employment cases." *Id.* at *6; *see also Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) ("This Court and others have held that a reasonable rate for employment cases is $300 per hour" and "[r]ecent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours.").

51. Under this approach, reasonable attorneys' fees in this matter are *at least* expected to amount to **$30,000** ($300/hr x 100 hrs).

52. Plaintiff does not limit the amount of damages he is seeking. In addition, the calculations set forth in this removal do not include several additional categories of damages that Plaintiff explicitly seeks, including lost benefits.

53. Considering the aggregate value of Plaintiff's claims, the alleged amount in controversy well exceeds $75,000 and this action is removable to this Court pursuant to 28 U.S.C. §1441.

## IV. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

54. All defendants consent to the removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

55. The United States District Court for the Central District of California is the federal judicial district in which the Los Angeles County Superior Court sits. This action was originally filed in the Los Angeles County Superior Court, rendering venue in this federal judicial district proper. 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(c).

56.     As required under 28 U.S.C. § 1446(d), Defendants will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the Superior Court.

57.     If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and oral argument in support of its position that this case is properly removed.

WHEREFORE, Defendants respectfully request that this action be removed from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, and that all future proceedings in this matter take place in the United States District Court for the Central District of California.

Dated:  November 27, 2024          By:_____
                                         Jason S. Mills                    .
                                         Patty Eakes
                                         George S. Benjamin
                                         Yara AlHowar
                                         Attorneys for Defendants,
                                         AMAZON.COM SERVICES LLC
                                         AMAZON.COM, INC.
                                         AMAZON LOGISTICS, INC.
                                         GOLDEN STATE FC LLC
                                         AMAZON FULFILLMENT SERVICES, INC.
                                         KIM HERZOG

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

17

DEFENDANTS' NOTICE OF REMOVAL
2:24-CV-10311